**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Blake Lynch,

Plaintiff,

v.

American Express,

Defendant.

No. CV-25-04671-PHX-KML

**ORDER**

Plaintiff Blake Lynch filed this suit and paid the filing fee. (Doc. 1.) After some difficulty in serving defendant American Express, Lynch provided proof he served American Express through its registered agent in New York. (Doc. 17.) Lynch now seeks default judgment in the amount of $18 million. (Doc. 20.) Lynch has not stated any claim for relief, so default judgment is denied.

When deciding whether to enter default judgment, the court must consider seven factors. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, the most important factor is "the sufficiency of the complaint." *Id.* at 1471. When the complaint fails to state a claim, default judgment should be denied. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007) ("district court properly refused to grant default judgment" because the "complaint failed to state" claims for relief). Having reviewed Lynch's filings, his complaint does not state any claim for relief.

Lynch's complaint was accompanied by a "verified affidavit." (Doc. 1 at 12.) The following facts are drawn from those documents. Lynch "used American Express in 2019

to finance his vending machine startup business." (Doc. 1 at 4.) After "the Coronavirus forced businesses to close," Lynch was unable to repay American Express. (Doc. 1 at 4.) American Express reported Lynch's account "as delinquent to [Lynch's] credit report, thus damaging his credit since 2020." (Doc. 1 at 4.) Lynch believes American Express refused to work with him as the CARES Act allegedly required. (Doc. 1 at 4.)

Lynch eventually repaid American Express in April 2022 and afterwards attempted "to dispute the delinquency," but American Express "ignored him." (Doc. 1 at 4.) Lynch "obtained a certified negotiable instrument" that American Express "also ignored." (Doc. 1 at 4.) The "certified negotiable instrument" appears to be a letter and "invoice" Lynch sent to American Express demanding $6 million dollars. (Doc. 1 at 24.) American Express did not pay that "invoice." Although not entirely clear, Lynch apparently believes these facts entitle him to relief under the CARES Act and the Fair Credit Reporting Act ("FCRA"). (Doc. 1 at 12.)

Although Lynch references the CARES Act and the FCRA, it is not clear what legal theory he is attempting to pursue. Lynch's default judgment motion argues "the CARES Act modified the FCRA during the COVID-19 pandemic in order to protect consumer rights at a time when consumers, such as [Lynch], struggled with debts they could not service." (Doc. 20 at 4.) The modification of the FCRA that Lynch is referencing required entities such as American Express (known as "furnishers" under the FCRA) "to report [a consumer's] credit obligation or account as current if the furnisher agreed to provide forbearance or other relief on a consumer's loan." *Mitchell v. Specialized Loan Servicing LLC*, No. 22-55107, 2022 WL 17883609, at *1 (9th Cir. Dec. 23, 2022). Accepting this as Lynch's theory, his current complaint does not state a claim for relief.

The change to the FCRA is found at 15 U.S.C. § 1681s-2(a)(1)(F)(ii). That subsection provides that if during the COVID-19 pandemic an entity such as American Express deferred payments otherwise due, the entity was required to "report the credit obligation . . . as current."[1] 15 U.S.C. § 1681s-2(a)(F)(ii)(I). The relevant language was

---

[1] It is not clear that this section of the FCRA can be enforced by a private party such as Lynch. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009)

conditional, *i.e.*, requiring that "*if* a furnisher makes an accommodation," it must then take certain actions. 15 U.S.C. § 1681s-2(a)(1)(F)(ii) (emphasis added). Lynch does not cite—and the court has not located—any authority establishing this language made accommodations mandatory. Lynch does not allege American Express provided him an "accommodation" during the COVID-19 pandemic. Rather, Lynch alleges American Express refused to "work[] with [him] pursuant to the CARES Act." (Doc. 1 at 4.) In essence, Lynch is alleging American Express failed to provide an accommodation, not that American Express took prohibited actions after providing an accommodation. (Doc. 1 at 4.) Lynch makes this clearer in his motion for default judgment, where he explains "[a]t no time did [American Express] offer Plaintiff any cooperation so far as placing the Credit Card account in forbearance." (Doc. 20 at 3.) Because Lynch has not cited any authority that required American Express to provide him an accommodation, he has not stated any claim for relief and granting default judgment would not be appropriate.

The current complaint does not state any claim for relief so the court must determine whether Lynch should be granted leave to amend. "[L]eave to amend should be liberally granted," but "the amended complaint may only allege other facts consistent with the challenged pleading." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (simplified). Lynch has already alleged American Express refused to provide him an accommodation, so it would be futile to allow him to amend to state a claim under the section of the FCRA modified by the CARES Act. But Lynch has argued he "disputed" the account after he paid it off and American Express "left the account as a charge-off on [his] credit report." (Doc. 20 at 3.) It is possible Lynch would be able to state some other sort of claim under the FCRA. He is granted leave to amend only the FCRA claim based on inaccuracies in his credit report after he paid off the account.

/

/

/

(noting subsection (a) cannot be enforced through private right of action).

- 3 -

**IT IS ORDERED** the Motion for Default Judgment (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **May 12, 2026**, plaintiff shall file an amended complaint. The Clerk of Court shall enter a judgment of dismissal with prejudice in the event no amended complaint is filed by that date.

Dated this 28th day of April, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**