**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Lynch, | No. CV-25-04671-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| American Express, | |
| Defendant. | |

On April 28, 2026, the court denied plaintiff Blake Lynch's motion for default judgment. (Doc. 21.) Lynch's original complaint alleged defendant American Express refused to provide him an "accommodation" under the CARES Act and that failure violated the Fair Credit Reporting Act. The court explained the CARES Act did not require American Express provide accommodations, so the request for default judgment was denied and the complaint was dismissed with leave to amend. (Doc. 21 at 3.) Lynch's amended complaint alleges two claims. First, American Express violated the FCRA by continuing to report Lynch's credit card account "as both a charge-off and paid." (Doc. 22 at 2.) Second, American Express "defaulted on a debt owed plaintiff under notarial protest." (Doc. 22 at 4.) The first claim does not appear to be supported by sufficient factual allegations or is barred by the statute of limitations, and the second claim does not appear to be based on a viable legal theory.[1]

---

[1] Although American Express has not appeared, "a trial court may dismiss a claim sua sponte" for failure to state a claim provided the court "give[s] notice of its intention to dismiss and afford[s] plaintiff[] an opportunity to at least submit a written memorandum in opposition to such motion." *Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017)

Lynch's first claim alleges American Express violated the FCRA. "Under the FCRA, a furnisher's statutory obligations are triggered only after the furnisher receives notice of a dispute from a [consumer credit reporting agency]; notice of a dispute received directly from the consumer is insufficient." *Bondi v. Nationstar Mortg. LLC*, 752 F. App'x 431, 432 (9th Cir. 2018) (simplified). Lynch seems to allege American Express qualified as a furnisher and he allegedly "disputed the accuracy of [American Express's] reporting of his Credit Card account with the credit bureaus multiple times." (Doc. 22 at 3.) Lynch does not allege when or how he contacted the credit bureaus to dispute American Express's reporting. In addition, the alleged inaccuracy was that American Express reported the debt "as both a charge-off and paid." (Doc. 22 at 2.) Lynch does not explain why such a statement would be inaccurate as both statements may be true. For example, in a case presenting similar facts, the court noted it was "not inaccurate" for a credit report to indicate an account "had been charged-off but was now paid in full." *Campbell v. Trans Union, LLC*, No. 1:25-CV-22 (LAG), 2026 WL 613020, at *3 (M.D. Ga. Mar. 4, 2026). Finally, Lynch identifies the allegedly inaccurate reporting as beginning in April 2020. This suit was not filed until December 2025, and the FCRA's statute of limitations requires a plaintiff file suit two years after he discovers the violation, or five years after the violation occurs, whichever is earlier. *See* 15 U.S.C. § 1681p. In addition to the pleading deficiencies, the FCRA claim therefore also appears to be time-barred.

Lynch must file a statement explaining whether he has provided sufficient factual allegations regarding his contact with credit bureaus, why American Express's reports were inaccurate, and why his FCRA claim is not barred by the statute of limitations.

Lynch also alleges a claim based on American Express allegedly ignoring his "administrative remedy under a Notarial Protest pursuant to UCC § 3-505 and A.R.S. § 47-3505(B)." (Doc. 22 at 4.) American Express allegedly "dishonored and defaulted on [Lynch's] claims" such that he is entitled to $18 million dollars. (Doc. 22 at 4.) In support of this theory, Lynch cites "*Watson for [sic] Tarpley*, 59 U.S. 517 (1855)." (Doc. 22 at 4.)

(simplified).

- 2 -

It is not clear why he believes that case is relevant. (Doc. 22 at 4.)

Lynch's theories involving "notarial protest" and the UCC indicate he may be "asserting some sort of 'sovereign citizen' claim." *Balash-Ioannidou v. Contour Mortg. Corp.*, No. 22CV4506AMDLB, 2022 WL 3358082, at *2 (E.D.N.Y. Aug. 15, 2022) (citing cases). "People who identify as sovereign citizens use maneuvers like the notary presentment . . . to collect debts that are not actually owed." *Id.* "Sovereign-citizen" arguments and claims have been "consistently and thoroughly rejected by every branch of the government for decades." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986). Lynch's statement must explain the good-faith legal basis for his claim regarding notarial protest.

**IT IS ORDERED** no later than **May 26, 2026**, plaintiff shall file a statement explaining why he has stated a claim as set forth above.

Dated this 12th day of May, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -