**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Blake Lynch,<br>Plaintiff,<br>v.<br>American Express,<br>Defendant. | No. CV-25-04671-PHX-KML<br>**ORDER** |

Plaintiff Blake Lynch filed this suit alleging American Express violated the Fair Credit Reporting Act ("FCRA") and claiming American Express owed him $18 million for not responding to a notice he sent. (Doc. 22.) After a complicated procedural history, American Express filed a motion to dismiss. Lynch did not provide any meaningful response to American Express's arguments and the complaint is dismissed without leave to amend.

## I. Factual Background

In December 2025, Lynch filed his original complaint and tried to serve American Express by personally mailing the summons and complaint. (Docs. 1, 9.) The court explained Lynch could not complete service because he was a party. (Doc. 16.) Lynch then had a process server attempt service. (Doc. 17.) It appeared the process server completed service and, after American Express failed to appear, Lynch applied for default judgment. (Doc. 20.) The court denied that motion because Lynch's FCRA claim was based on a mistaken premise regarding what American Express was required to do. (Doc. 21 at 3.) On

May 5, 2026, Lynch filed the operative complaint. (Doc. 22.)

That complaint alleges Lynch obtained an American Express card in the summer of 2019. (Doc. 22 at 1.) In 2020, Lynch's business was struggling due to the pandemic and American Express "wouldn't accommodate [him] and make payment arrangements." (Doc. 22 at 2.) Lynch could not make the required payments on his account and eventually American Express charged it off.

In 2022, Lynch paid off the account. (Doc. 22 at 2.) Around that same time, Lynch "disputed the charged-off account" but American Express "continued to report the account . . . as both a charge-off and paid." (Doc. 22 at 2.) Lynch alleges American Express also reported an incorrect date on which he first failed to make a payment. (Doc. 22 at 2.) In October 2025, Lynch sent American Express a "Notary Public's Certificate of Dishonor." Lynch did not receive any response. Based on these events, Lynch asserts one claim under the FCRA and one claim for "notarial protest." The latter claim allegedly entitles Lynch to $18 million.

As of May 12, 2026, American Express had not yet appeared. On that date the court directed Lynch to explain whether he had adequately alleged the required elements to state a claim under the FCRA and whether the claim was time-barred. (Doc. 23 at 2.) The court also directed Lynch to explain the legal basis for his "notarial protest" claim.

Shortly after the court's order, American Express appeared and argued it had not been properly served. (Doc. 25.) Lynch then served American Express again. (Doc. 26.) Lynch responded to the court's order by arguing his FCRA claim and "notarial protest" claims were viable. (Doc. 27.) Apparently conceding it had finally been properly served, American Express filed a motion to dismiss. (Doc. 28.) That motion makes two arguments aimed at the FCRA claim. First, that Lynch had not alleged a credit reporting agency contacted American Express regarding his dispute. Second, the FCRA claim is barred by the statute of limitations. On the "notarial protest" claim, American Express argues there is no such valid claim. Lynch filed an opposition that does not address the need for contact between a credit reporting agency and American Express and his response regarding the

statute of limitations is the "discrepancy [on his credit report] is only recently discovered." (Doc. 30 at 2.) As for the notarial protest claim he argues relief is available through Arizona law, the Arizona Notary Public Reference Manual, and the UCC. (Doc. 30 at 2.)

## II. Analysis

Beginning with Lynch's FCRA claim, the parties agree that American Express qualified as a "furnisher" under the statute. "Under the FCRA, a furnisher's statutory obligations are triggered only after the furnisher receives notice of a dispute from a [consumer credit reporting agency]; notice of a dispute received directly from the consumer is insufficient." *Bondi v. Nationstar Mortg. LLC*, 752 F. App'x 431, 432 (9th Cir. 2018) (simplified). Lynch alleges he "disputed the accuracy of [American Express's] reporting of his Credit Card account with the credit bureaus multiple times." (Doc. 22 at 3.) But American Express argues, and Lynch does not dispute, that contact with the credit bureaus is not sufficient. Rather, Lynch needed to allege that the credit bureaus forwarded his disputes to American Express. Absent such allegations, Lynch's FCRA claim is not viable.

Even if Lynch had alleged sufficient facts supporting his FCRA claim, it would be barred by the statute of limitations. As the court previously explained, "the FCRA's statute of limitations requires a plaintiff file suit two years after he discovers the violation, or five years after the violation occurs, whichever is earlier. *See* 15 U.S.C. § 1681p." (Doc. 23 at 2.) Lynch alleges the inaccuracy was first reported in April 2020. (Doc. 22 at 2.) And Lynch alleges he disputed American Express's inaccurate reporting in 2022. (Doc. 22 at 2.) This suit was not filed until December 2025. If measured from 2020, the claim is barred by the five-year limit. *See Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012) ("all claims arising from the alleged violation will repose" five years from the date of the violation). If measured from 2022, the claim is barred by the two-year limit. Either way, Lynch's FCRA claim is time-barred.

Lynch's remaining claim for "notarial protest" is not cognizable. As another district judge handling a case filed by Lynch recently explained, "'notary presentments' entirely lack validity and claims for damages based upon them are legally frivolous." *Lynch v.*

*Naste*, No. CV-25-04669-PHX-DJH, 2026 WL 1469804, at *3 (D. Ariz. May 26, 2026). The "notarial protest" claim is dismissed.

Lynch's FCRA claim is not adequately pleaded and time-barred, and his other claim is frivolous. "Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading." *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (simplified). Here, Lynch has already attempted to amend and would not be able to allege additional facts consistent with his previous pleadings that would cure the flaws identified in this order. Leave to amend is denied.

**IT IS ORDERED** the Motion to Dismiss (Doc. 28) is **GRANTED**. The Clerk of Court shall enter judgment in favor of defendant and close this case.

Dated this 1st day of October, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**